APPEAL OF MATCHLESS METAL POLISH CO.

Docket No. 1513. Submitted April 16, 1925. Decided June 17, 1925.

F. A. Thulin, Esq., for the taxpayer.
Willis D. Nance, Esq., for the Commissioner.

Before GRAUPNER, TRAMMELL, and GREEN.

This appeal is from a deficiency in income and profits tax in the sum of $4,687.06 for the year 1920. The deficiency arose from the

refusal of the Commissioner to allow as deductions certain additional compensation to officers and employees of the taxpayer. From the oral and documentary evidence submitted the Board makes the following

FINDINGS OF FACT.

1. The taxpayer is an Illinois corporation, with its principal place of business at Chicago, Ill.

2. On January 24, 1920, at a meeting of the board of directors of the taxpayer, fixing the salaries of officers for the ensuing year, the following action was taken:

Moved by Mr. Ellwanger and seconded by Mr. Buchanan, that the tentative salaries or drawing accounts for the officers for the ensuing year shall be as follows:

President_____ $175. 00 per week
Vice-President_____ 150. 00 per week
Secretary-Treasurer_____ 110. 00 per week

Subject to revision for officers and for other employees at the close of the year. Carried. * * *

On August 11, 1920, at a special meeting of the board of directors, further reference to the salaries resulted in the following action:

Moved by Mr. Dennis and seconded by Mr. Whitson, that inasmuch as the cost of living has not decreased and rentals are on the increase, the salaries of the officers to be increased to the following amounts:

President_____ $200. 00 per week
Secretary_____ 125. 00 per week
Treasurer _____ 110. 00 per week

same to take effect as of date of July 1, 1920, and the authority is hereby given to the president to reduce these salaries as he may see fit in case the business of the company in his judgment does not warrant the continued increase. Carried.

The additional salaries in controversy are over and above the salaries due in pursuance of the action at this meeting.

On May 21, 1921, the following action was taken in reference to 1920 salaries:

Moved by Mr. Buchanan ·and seconded by Mr. Warriner that in accordance with a resolution passed at the Board of Directors meeting of January 24. 1920, and in view of our Auditor's report which it seems has been unduly delayed an adjustment of the salaries of the following named officers and employees be made on a basis of their compensation or salary for the year 1920 and that the lump sum of this extra compensation shall not exceed the sum of $10,000.00 and that it be made payable as of December 31, 1920, to the following:

Of the $10,000 increase, $5,930 was paid to officers and $4,070 was distributed to employees. It is this $10,000 increase that is in controversy. The above extracts from the minutes of the board of directors are the only references to 1920 salaries upon the records of the taxpayer.

3. The taxpayer kept its books on an accrual and calendar-year basis. In its original return for 1920, $22,759 for salaries of officers and employees was claimed as a deduction. In its amended return, after the meeting of May 21, 1921, $32,795 was claimed for the year 1920. Additional salaries in tentative amounts between $7,500 and $10,000, depending upon the profits at the end of the year, were discussed informally among the members of the board of directors in December, 1919, and also a number of times during the year 1920, but no formal or definite action was taken until the meeting of May 21, 1921. At an adjourned meeting of the directors, held February 5, 1921, the financial report of the company for 1920 as presented by the treasurer was adopted, and salaries for the year 1921 were fixed, but no action taken as to the 1920 salaries. As an explanation of the delay in fixing additional salaries for 1920, the taxpayer claimed that it was not entirely satisfied that the profits set forth in its financial report were correct owing to alleged peculations by its vice president. It was decided to have a public accountant go over the books in order definitely to ascertain the profits for 1920. The accountant was unable to complete his work until May, 1921, and thereafter the directors' meeting above referred to was had and a formal resolution made increasing the salaries $10,000 as of December 31, 1920, and the amended tax return was filed accordingly. The Commissioner disallowed said increase and asserted a deficiency of $4,687.06, from which the taxpayer duly appealed.

DECISION.

The determination of the Commissioner is approved.